**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN QUADREL and CHRIS QUADREL,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN QUADREL,<br><br>Defendant. | Civil Action No: 22-6645 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>December 1, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiffs Ryan Quadrel ("Ryan") and Chris Quadrel's ("Chris," and together with Ryan, "Plaintiffs") motion for default judgment (D.E. 9 ("Motion")) against Defendant Steven Quadrel ("Steven" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2); and

**WHEREAS** Plaintiffs filed their complaint in this action on November 16, 2022, (D.E. 1 ("Complaint")), and filed proof of service of the same upon Defendant on November 22, 2022 (D.E. 2). The Complaint alleges that: Decedent Mark Quadrel ("Decedent") died intestate on October 24, 2018; the parties are his three surviving children; at the time of his death, Decedent had an Equitable Variable Life Insurance policy (the "Policy") with a face amount of $1,000,000; the parties are coequal beneficiaries of the Policy; Defendant intentionally killed Decedent; and under either New Jersey's or Pennsylvania's Slayer Statute, Defendant should be disqualified from receiving any distributions from Decedent's death benefit. (*See generally* D.E. 1.) On February

17, 2023, this Court entered default against Defendant for failure to plead or otherwise respond. To date, Defendant has not filed an answer or otherwise defended himself in this action[1]; and

**WHEREAS** this Court may grant default judgment against a party that has been defaulted for failure to plead or otherwise defend.  Fed. R. Civ. P. 55.  "It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  That discretion is not without limits, however.  *Id.* at 1181.  Before granting a motion for default judgment, the district court must *sua sponte* assure itself that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the matter.  *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017); Fed. R. Civ. P. 12(h)(3).  Then, it must consider the three factors set forth in *Chamberlain v. Giampapa*:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  210 F.3d 154, 164 (3d Cir. 2000); and

**WHEREAS** the Complaint sufficiently alleges that this Court has both subject matter and personal jurisdiction over the instant matter.  Diversity jurisdiction lies because the parties are all domiciled in different states—Ryan resides in California, Chris resides in Florida, and Steven resides in Pennsylvania—and the amount in controversy is greater than $75,000.  18 U.S.C. § 1332.  This Court has specific jurisdiction over Defendant because he has sufficient minimum contacts with New Jersey—he is a one-third beneficiary of the Decedent's life insurance policy and he maintained at Decedent's New Jersey residence a room where he kept personal belongings

---

[1] On January 25, 2023, Defendant filed a letter with this Court, requesting a court-appointed attorney "or information on how to get an attorney."  (D.E. 4.)

and spent weekends every month or every other month—and the cause of action arises out of those contacts—the dispute over the distribution of Decedent's Policy directly arises out of Defendant's murdering Decedent.[2]  (D.E. 1 ¶¶ 3, 10, 12–14, 16–31, ); and

**WHEREAS** the three *Chamberlain* factors weigh heavily in favor of granting Plaintiffs' Motion.  First, Plaintiffs would be prejudiced if this Court did not grant their motion for a default—undoubtedly, they would face further delay in receiving distributions from their deceased father's life insurance policy.  Second, Defendant does not have a litigable defense.  As this Court has already held, Defendant intentionally killed Decedent.[3]  Under New Jersey's Slayer Statute, which applies here[4], Defendant "forfeits all benefits . . . with respect to the decedent's estate, including an intestate share." N.J. Stat. Ann. 3B:7-1.1 *et seq*.  Third, Defendant's failure to appear in this case is seemingly willful.  Although Defendant is incarcerated, he has demonstrated via letter that he is aware of this action; however, despite having been served the Complaint and the instant request for a default judgment, he has failed to otherwise respond.  (D.E. 2; D.E. 3; D.E. 9-11.)  Accordingly, this Court finds that default judgment is appropriate here; therefore

---

[2] The Third Circuit has set forth a three-part test for determining whether a court has specific jurisdiction over a defendant.  "First, the defendant must have 'purposefully directed [his] activities' at the forum.  Second, the litigation must 'arise out of or relate to' at least one of those activities.'  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with "fair play and substantial justice."'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted) (second alteration in original).  These requirements are met here.

[3] In a related decision issued today, this Court granted a motion for summary judgment and, in so doing, held that Defendant intentionally killed Decedent.  *See The Prudential Ins. Co. of Am. v. Steven Quadrel, et al.*, Civ. No. 2:19-cv-12235-SDW-LDW.

[4] Because there is no actual conflict between New Jersey's and Pennsylvania's respective slayer statutes—*i.e.*, the outcome of this action remains the same under either statute—this Court will apply New Jersey law.  *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006) ("If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same."); *Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 231 (D.N.J. 2021) ("A conflict results only when application of the different state laws would lead to a different outcome in the case.  If no conflict exists between the two state laws, then the laws of the forum state are applied.").

Plaintiffs' Motion is **GRANTED**. An appropriate order follows.

                                                  /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
        Leda D. Wettre, U.S.M.J.